IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEDIC MANAGEMENT GROUP, LLC, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) ) CASE NO. 2:19-CV-529-WKW |
| AHA-COLONIAL VILLAGE, LLC, | ) ) ) ) |
| Defendant. | ) |

# ORDER

This action was removed to this court on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a); (Doc. # 1). But "jurisdiction cannot be created by consent." *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1304 (11th Cir. 2011) (per curiam). Courts are obligated to raise concerns about subject-matter jurisdiction *sua sponte*. *See id.* at 1304–05; *see also Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017) (The courts "must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century."). As the Eleventh Circuit has warned, "It is in everyone's best interest, both the litigants' and the courts', to verify that diversity jurisdiction exists before proceeding with the case." *Purchasing Power, LLC*, 851 F.3d at 1220 (noting the "colossal waste of time and effort" spent

during the more than two years of federal litigation where the parties failed to flesh out the multiple layers of citizenship of the LLC plaintiff, who was not completely diverse from the corporate defendant).

Defendant AHA-Colonial Village, LLC's notice of removal contains an insufficient allegation of Plaintiff Ledic Management Group, LLC's citizenship. "[A] limited liability company, like a partnership, 'is a citizen of any state of which a member of the company is a citizen.'" *Mallory*, 663 F.3d at 1305 (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam)). Therefore, "[t]o sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ." *Id.* (quoting *Rolling Greens MHP, L.P.*, 374 F.3d at 1022). Although the notice of removal properly alleges that Defendant AHA's sole member is a citizen of Georgia, it does not list the citizenship of Plaintiff Ledic's members. (Doc. # 1, at 3.) It simply states that diversity is complete because none of Ledic's members are citizens of Georgia. (Doc. # 1, at 4.) This will not do. The law requires the removing party to affirmatively prove the citizenship of each of the LLC's members. *See Mallory*, 663 F.3d at 1305.

Defendant AHA bears the burden of establishing removal jurisdiction. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction."). As part of its

burden, AHA must demonstrate that complete diversity of citizenship existed both at the commencement of the state-court action and at the time of removal. *See Baker v. Tri-Nations Express, Inc.*, 531 F. Supp. 2d 1307, 1317 (M.D. Ala. 2008).

Accordingly, Defendant AHA-Colonial Village, LLC, is DIRECTED to file a jurisdictional statement on or before **August 9, 2019**, to correct the deficient allegations of citizenship. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

DONE this 26th day of July, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE